IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FELICIA HOLLINS,**<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>　　　　　　Defendant. | Case No.: 1:24-cv-07664<br><br>================================<br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO AMEND HER COMPLAINT**

MARCUS ZELMAN, LLC

Yitzchak Zelman, Esq. (YZ5857)
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone:　　(732) 695-3282
Fax:　　　(732) 298-6256
*Attorney for the Plaintiff*
*Felicia Hollins*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT**..................................................................................................1

**ARGUMENT**........................................................................................................................3

    **A. There Was No Undue Delay In The Filing Of Plaintiff's Motion To Amend**………...3

    **B. Defendant Has Not Suffered Any Undue Prejudice By The Plaintiff's Request To Amend Her Complaint A Second Time**……………………………………………..5

**CONCLUSION**....................................................................................................................8

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in Reply to Defendant's Opposition to Plaintiff's Cross-Motion to Amend the Complaint pursuant to FRCP 15. In this case, the Plaintiff filed suit against Experian because Experian doesn't have *any* procedures - let alone the reasonable procedures required by Section 1681e(b) of the FCRA - to ensure the proper reporting of accounts that had been discharged in a Chapter 7 bankruptcy, after conversion of that bankruptcy from a Chapter 13 filing. As explained in the Complaint, while Experian knows that debts incurred by a debtor before conversion to a Chapter 7 bankruptcy are presumably discharged in that bankruptcy just like ordinary debts in a standard Chapter 7 proceeding, Experian does *nothing* to determine *when* that conversion took place, so that it could apply this presumption. *See e.g.,* Docket 11, ¶56.

Experian then moved to dismiss the Plaintiff's FCRA claims, repeatedly arguing that Experian was not alerted to the inaccurate reporting and that it is therefore in a different position than a credit reporting agency who was put on notice of the subject inaccuracy. For example, Experian argues that

- "Experian does not violate the FCRA by reporting information received from financial institutions, even if that information is incorrect, *without actual notice of a problem with the reporting*". *See,* Docket 9, at 1.

- "Plaintiff does not allege that Experian *had actual notice* its reporting of the two accounts at issue in this case was incorrect". *See,* Docket 9, at 2.

- "Once Plaintiff identified the errors she complains of in this case, her next call should have been to Experian, *notifying Experian of the problem and requiring Experian to reinvestigate*." *See,* Docket 9, at 11.

1

Even in its Opposition to Plaintiff's Cross-Motion to Amend (i.e., after plainly being aware that the Plaintiff *had* disputed this inaccurate reporting with Experian) Defendant again doubles down on this point, arguing that "the FCRA does not require Experian to determine if post-petition debts are discharged in bankruptcy *prior to a dispute or notice of specific inaccuracies*." *See*, Docket 16, at 3. Experian then asks this Court to decide whether Plaintiff's 1681e(b) claims are sufficiently pled, given the absence of any such dispute notifying Experian of any issues with its reporting. But these are incomplete facts, as Experian is plainly well-aware, because the Plaintiff *did* dispute the reporting of these accounts, in plain-English, via a letter mailed to Experian in June 2024 – receipt of which was confirmed when Experian *responded* to that dispute. It makes absolutely zero sense to determine whether the Plaintiff's 1681e(b) claims survive in the absence of a dispute to Experian, in a case such as here where there plainly *was* a dispute sent to Experian.

Recognizing that FRCP 15 provides that amendments should be freely granted in situations such as this one, Experian nevertheless complains loudly and repeatedly about the 'prejudice' and 'delay' that would be occasioned to this case if the Plaintiff were permitted a second Amendment here. By doing so, Experian tries to distract from the fact that the amendment was sought when the case was only 2.5 months old, that discovery has not yet begun, and that it hasn't even yet filed a responsive pleading in this action (other than its Motion to Dismiss). And there hasn't been the sort of undue delay or prejudice that would warrant the denial of a Rule 15 Motion. Instead, the Motion to Amend was filed as soon as Plaintiff's counsel realized that the Plaintiff had, in fact, disputed this account with Experian.

As set forth below, the Motion to Amend should be granted, so that the Court is not asked to waste time weighing in on a legal issue which is not based on the facts that actually took place here.

# ARGUMENT

### C. There Was No Undue Delay In The Filing Of Plaintiff's Motion To Amend.

There has not been the sort of 'undue delay' in this newly-filed case that warrants the denial of a FRCP 15 Motion. As the Seventh Circuit has noted, "the issue of undue delay generally arises when a plaintiff seeks leave to amend deep into the litigation." *Ewing v. 1645 W. Farragut, LLC*, 2020 U.S. Dist. LEXIS 193785, at *5 (N.D. Ill. June 22, 2020), quoting *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014). That is hardly what happened here, where the Motion to Amend was filed 2.5 months after the lawsuit was filed.[1]

In its Motion, Defendant does not cite to a single case where a Rule 15 Motion was denied when it was filed a mere 2.5 months after the lawsuit was commenced. For example, Defendant claims that the Seventh Circuit's holding in *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022) "in instructive". Indeed, it is. In that case, the Seventh Circuit found that there was undue delay because (1) "the motion was late. It came six weeks after the deadline to amend the pleadings had expired", (2) "discovery on the original issues was nearing completion", and (3) allowing the second amended complaint would have prejudiced the *Brown* defendant, who had discontinued separate lawsuits it had initiated to compel third parties to comply with subpoenas it had served, and who would have had to then refile those lawsuits. *See id.,* at 849-854. This case is nothing like *Allen*. Instead, in this case, the amendment deadline has <u>not</u> passed, no party has yet served discovery requests, and there is no such prejudice to Experian (other than its Motion to Dismiss being mooted, which is insufficient, as explained below).

---

[1] This lawsuit was commenced on August 26, 2024, and the Motion to Amend was filed on November 14, 2024. *See,* Docket 1 and 15.

Experian makes much of the fact that the Plaintiff already amended her Complaint once, before moving to amend her Complaint again a month later, as soon as her counsel realized that Plaintiff had indeed disputed this account. But that one-month delay cannot possibly rise to the level of undue delay, such that the Plaintiff's Rule 15 Motion should no longer freely be granted. It is well established that "delay alone 'is an insufficient basis for denying a motion to amend unless the delay results in undue prejudice to the opposing party'." *Consumer Fin. Prot. Bureau v. TransUnion*, 674 F. Supp. 3d 467, 470 (N.D. Ill. 2023), quoting *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992); *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004)(noting that delay "by itself is normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason").

In *Dubicz,* the Seventh Circuit found that the district court had abused its discretion in denying a Motion to file a Second Amended Complaint where the Motion to Amend was filed eight months after the First Amended Complaint had been dismissed, concluding that the defendant's claims of prejudice due to fading witness memories were not enough. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d at 793. In doing so, the Seventh Circuit emphasized the procedural posture of that case, which is on all-fours with this case: "It is important to emphasize that this litigation has never progressed beyond the pleadings stage. This is not the case where a plaintiff seeks to amend its complaint after the close of discovery or on the eve of trial. In this case, the proceeding never progressed much beyond the filing of a complaint, an amended complaint, and ComEd's responses (in the form of a motion to dismiss) thereto." *Id.* The *Dubicz* holding is far more analogous than that of *Allen,* considering the similarity of the procedural posture in the *Dubicz* case. Like in *Dubicz,* this case is still very much in its infancy, in direct contrast to the *Allen* case where the amendment deadline had passed and discovery had nearly been completed.

**D. Defendant Has Not Suffered Any Undue Prejudice By The Plaintiff's Request To Amend Her Complaint A Second Time.**

Experian's complaints of prejudice are not the sort of prejudice that warrants the denial of a Rule 15 Motion. Experian's complaints of prejudice primarily rely on the notion that Experian already moved to dismiss the Plaintiff's claims, so that it would be prejudiced if Plaintiff were now permitted to amend those claims. *See,* Docket 16, at 9. ("Relying on Plaintiff's presentation of claims, Experian has already incurred great costs in attorneys' fees preparing two motions to dismiss predicated on Plaintiff's sole § 1681e(b) claim"). But that cannot possibly be the sort of prejudice needed to deny a Rule 15 Motion; otherwise, *every* Rule 15 Motion could be defeated in such a manner. This exact argument was recently debunked, for this exact reason, in *Wilson v. Boyd Foods, Inc.*, 2024 U.S. Dist. LEXIS 207351 (D.S.C. Sep. 12, 2024):

> Defendants submit they will be prejudiced by the amendment because they have already expended time and money filing a responsive pleading and a motion to dismiss. There appears to be no authority to support the argument that this constitutes prejudice. And given the posture contemplated by Fed. R. Civ. P. 15(a)(2), every motion to amend would carry the prejudice asserted here.

*Wilson v. Boyd Foods, Inc.*, 2024 U.S. Dist. LEXIS 207351, at *8; *see also, Lopez v. Martin Fam. Farms, Inc.*, 2023 U.S. Dist. LEXIS 126755, at *7-8 (N.D. Ind. July 24, 2023)("being required to defend against new allegations made in pleadings is not the sort of prejudice that is undue in the context of amended pleadings. If such prejudice were considered undue, then amended pleadings would rarely be permissible").

The courts have repeatedly re-affirmed the notion that the costs of filing a motion to dismiss – or in having to refile that Motion after the amendment – is not the kind of prejudice that would warrant the denial of a Rule 15 Motion. *See e.g., Doe v. Denison Univ.*, 2016 U.S. Dist. LEXIS 74136, at *6-7 (S.D. Ohio June 7, 2016)("While the Court acknowledges the potential cost and inconveniences associated with re-filing a dispositive motion, having to re-file is not undue

prejudice"); *Horses of Cumberland Island v. Haaland*, 2024 U.S. Dist. LEXIS 98198, at *7 (N.D. Ga. Feb. 23, 2024)(rejecting the argument that "leave to amend would be prejudicial because Defendants' motions to dismiss have already been fully briefed and argued" and holding that "the likelihood of additional motion-to-dismiss briefing is not the sort of prejudice capable of overcoming Rule 15(a)'s liberal amendment standard"); *Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1257 (11th Cir. 1998) ("Any amendment to an original pleading necessarily involves *some* additional expense to the opposing party") (emphasis in original).

Instead, when determining whether a party will suffer undue prejudice by an amendment, the operative question is whether or not that party's ability to put on its case or defenses will be impaired. *See e.g., Atkinson v. Pustilnik*, 2024 U.S. Dist. LEXIS 205804, at *4 (S.D. Tex. Nov. 13, 2024)("In the context of Rule 15(a), prejudice is not merely inconvenience or expense; prejudice must inhibit a party's ability to defend its case"); *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990)("In order to make the required showing of prejudice, regardless of the stage of the proceedings, Arco is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed"); *Plourde v. Bangor Police Dep't*, 2024 U.S. Dist. LEXIS 194122, at *4 (D. Me. Oct. 25, 2024)("because the Court discerns no prejudice to Defendants' ability to defend against Plaintiff's allegations, the Court will permit the amendment"); *Home Design Servs. v. Stone Creek Homes, Inc.*, 2009 U.S. Dist. LEXIS 112771, at *10-11 (D. Colo. Nov. 13, 2009)("The prejudice with which the Rule is concerned is the prejudice to the party's ability to prosecute or defend").

Here, as Defendant says in its Opposition, neither party has yet served any written discovery requests, and the discovery period itself just started. Defendant has every ability to seek the information it needs to defend itself in this case, and its ability to do so has not been impaired

by one iota with the amendment of the Plaintiff's claims this early on in the case. *See e.g., Concerned Citizens v. Belle Haven Club*, 2002 U.S. Dist. LEXIS 26117, at *11 (D. Conn. Oct. 25, 2002)("where, as here, plaintiffs seek to amend before the commencement of formal discovery, defendants simply cannot demonstrate that their ability to defend this case would be impaired if amendment were allowed"). Experian's arguments that it will be prejudiced by now having to engage in discovery relating to the Plaintiff's dispute misses the point of the prejudice analysis and simply focuses on the wrong thing.

In any event, Experian's complaints about having to do discovery about the Plaintiff's dispute is similarly misplaced, because that dispute is absolutely germane to Plaintiff's claims about Experian's inadequate procedures - and always has been. The reasonableness of a credit reporting agency's procedures obviously depends on the information known to that agency. As Experian itself repeatedly reminds us in its briefing, a credit reporting agency that is on notice of a dispute is in a very different position than an agency who was not put on notice that its information is disputed. *See,* Docket 9, at 3, quoting *Henson v. CSC Credit Servs.,* 29 F.3d 280, 285–87 (7th Cir. 1994)("A credit reporting agency that has been notified of potentially inaccurate information in a consumer's credit report is in a very different position than one who has no such notice"). Here, the Plaintiff specifically alerted Experian to the fact that it was reporting inaccurate information regarding her pre-conversion debts, which had all been discharged in her bankruptcy. As the Seventh Circuit has expressly held, the continued reporting of this inaccurate information in light of this dispute, is absolutely relevant (and was therefore always going to be part of any discovery anyway) to the reasonableness of Experian's procedures under Section 1681e(b):

> A different result obtains as to Crump's § 1681i(a) claim and the portion of her § 1681e(b) claim pertaining to Experian's conduct after receiving her dispute letter. "A [CRA] that has been notified of potentially inaccurate information in a consumer's credit report is in a very different position than one who has no such

7

notice," because the former can "target its resources in a more efficient manner and conduct a more thorough investigation." *Henson*, 29 F.3d at 286. Once a CRA receives notice that information in a consumer report may be inaccurate, "the statutory duty [to reinvestigate under § 1681i(a)(1)] click[s] in, and at that point the continued sending of [the contested information] to creditors might be viewed as a failure to maintain reasonable procedures for assuring accuracy" under § 1681e(b).

Crump v. Carrington Mortg. Servs., LLC, 2019 U.S. Dist. LEXIS 2292, at *19-20 (N.D. Ill. Jan. 7, 2019), quoting *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001).

Experian therefore cannot complain that it would have to do extra discovery in this case – even though it hasn't yet done *any* discovery – since any notices that Experian ever received disputing the accuracy of this reporting was always going to be part of the discovery sought in this action.

## **CONCLUSION**

When filing the Amended Complaint, Plaintiff's counsel simply did not realize that the Plaintiff had disputed the reporting of the account at issue. Within a month of that original amendment – and within 2.5 months of the lawsuit's commencement – that oversight was noticed and immediately sought to be rectified by the timely filing of a Motion to Amend. Because the deadline for amendments has not yet passed, FRCP 15's liberal amendment rules apply to that Motion. And because Experian will not suffer any undue prejudice and there has been no undue delay here, there is zero reason why that Motion should be denied, particularly when these claims are still well within the Statute of Limitations and could just be brought in a new case anyway.

At its core, Experian's position makes no sense. In its Motion to Dismiss, Experian asks this Court to determine whether or not a Section 1681e(b) claim can be brought where no dispute was submitted to the credit reporting agency, alerting them of the issues with their reporting. However, in this case, a dispute *was* submitted to the credit reporting agency, so there is literally

no reason why that question needs to be answered in this case. For these reasons, it is respectfully requested that the Plaintiff's Cross-Motion to Amend be granted, so that any legal challenges can be made on the complete and correct set of facts, based on what actually took place here.

Respectfully submitted,

**MARCUS & ZELMAN, LLC**

By:  /s/ Yitzchak Zelman
Yitzchak Zelman, Esq. (YZ5857)
Marcus Zelman, LLC.
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone:    (732) 695-3282
*Attorney for the Plaintiff, Felicia Hollins*