UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FELICIA HOLLINS,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>        Defendant. | Case No. 1:24-cv-07664<br><br>Hon. Andrea R. Wood |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
<u>REPLY IN SUPPORT OF ITS MOTION TO DISMISS</u>**

Plaintiff's response is a series of arguments based on what she thinks § 1681e(b)'s reasonable-procedures requirement *should* mean in the context of consumer bankruptcies rather than what courts have said the provision *does* mean. Case in point, Plaintiff misunderstands and mischaracterizes the Eighth Circuit's decision in *Rydholm*, which applied longstanding Seventh Circuit precedent to hold that § 1681e(b) does not require consumer reporting agencies to determine which of a consumer's debts are discharged in bankruptcy absent notice more specific than the mere fact that the consumer has received a bankruptcy discharge. Instead, Plaintiff cites old district court cases that *Rydholm* overruled and non-binding, unpublished Ninth Circuit decisions, all while leaning into a nationwide injunction that on its face does not apply to the situation at hand. The fact is that Experian is simply not responsible, under unambiguous precedent, for scouring bankruptcy dockets prior to a dispute to determine the discharge status of specific debts. Despite helping herself to an extra five pages, Plaintiff cannot muster an effective argument to the contrary.

1

**ARGUMENT**

I. **THE FCRA DOES NOT REQUIRE EXPERIAN TO DETERMINE IF POST-PETITION DEBTS ARE DISCHARGED IN BANKRUPTCY PRIOR TO A DISPUTE OR NOTICE OF SPECIFIC INACCURACIES.**

A. *Experian's requested pre-dispute partial dismissal resolves any notice issues from a dispute and streamlines the issues.*

Experian's initial motion explained that Plaintiff's claim under § 1681e(b) is foreclosed by the legal principles set forth in *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105 (8th Cir. 2022), which affirmed dismissal of the plaintiff's § 1681e(b) claim on the pleadings, holding that the provision does not require consumer reporting agencies like Experian to determine if individual debts are discharged in a no-asset Chapter 7 bankruptcy, as the plaintiff alleged, even when the consumer reporting agency ("CRA") knows that the consumer has received a bankruptcy discharge and even when it reports other debts as discharged. *Id.* at 1107, 1109. *Rydholm* rested on the CRAs' lack of notice the specific accounts at issue were included in plaintiff's discharge. Thus, because Plaintiff alleges her dispute gave notice the accounts were included in the discharge, Second Am. Compl. ("SAC") ¶ 93, Experian requests dismissal only of the pre-dispute portion of her § 1681e(b) claim.

In response, Plaintiff states "it makes no sense to cut the line where Experian urges." Resp. at 1. But this is exactly the line this Court drew in *Crump v. Carrington Mortg. Servs., LLC*, 2019 WL 118490, *6 (N.D. Ill. Jan. 7, 2019), and should do so again here. *Crump*, which Plaintiff makes no attempt to address, concerned the same allegations of a specific account not reported as discharged in bankruptcy. *Id.* at *4; *see also Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 945 n.6 (11th Cir. 2021) (finding that without notice accounts were discharged, "claims under § 1681e alleg[ing] that Experian acted unreasonably in preparing any credit reports before he informed it of the relevant inaccuracy" were properly dismissed). This Court held that the plaintiff "has no

2

viable § 1681e(b) claim for the period before [the plaintiff] sent her dispute letter" given Experian's lack of notice and reliance on the furnisher "instead of manually cross-checking that information against several documents on [plaintiff's] bankruptcy docket." *Crump,* 2019 WL 118490 at *6. In prophetic fashion, this Court relied on the same binding Seventh Circuit cases later relied on by the Eighth Circuit in *Rydholm*. Plainly, under *Crump,* Experian's § 1681e(b) procedures carry a different burden after it receives notice of an issue. Prior to the dispute, it had none.

Plaintiff argues in passing that the Court should not provide this partial relief because "discovery is plainly going to be taken" on the § 1681e(b) procedures anyway. Resp. at 1. This is not a legal argument. But to the extent this Court entertains Plaintiff's expediency arguments at all (it should not), it is more expedient to streamline the issues by narrowing the relevant timeframe at issue. Plaintiff only alleges she disputed in June 2024, and this case was filed on August 26, 2024. Dismissal would, for instance, narrow discovery to a mere two months of damages, if any. And Experian's requested partial relief should come as no surprise given Plaintiff's prior position that this Court should not decide whether "Plaintiff's 1681e(b) claims survive in the absence of a dispute . . . where there plainly *was* a dispute." Pl.'s Reply ISO Mot. Am. FAC at 2 (ECF 17).

In the end, Plaintiff's focus on her dispute only proves the point. Experian has no issue litigating the remaining post-dispute § 1681e(b) and § 1681i claims at summary judgment. But the FCRA isn't a strict liability statute, and Congress recognized that before a dispute, "[m]istakes will occur, and not all of them can be prevented." S. REP. NO. 104-185, at 43 (1995) (available at https://www.congress.gov/congressional-report/104th-congress/senatereport/185/1?outputFormat=pdf). Congress did not mandate free dispute processes and reinvestigations under § 1681i(a) only to allow pre-dispute "gotcha" cases under § 1681e(b) at the first sign of trouble. Thus, Experian

3

only asks this Court dismiss the pre-dispute portion of the claim, allowing the parties to focus resources on the post-dispute portion when Experian allegedly received notice of an issue.

B. *Plaintiff fails to articulate why the Court should not follow Rydholm.*

Beyond attacking Experian's request for partial relief, Plaintiff also does not provide a compelling reason this Court should not follow *Rydholm* and the Seventh Circuit decisions it relies upon. *Rydholm* is not controlling here, of course, but it is significant persuasive authority, since it is the only published circuit-level authority of which Experian is aware applying § 1681e(b) to discharges in a no-asset Chapter 7 bankruptcy and rests on a straightforward application of well-established law from this Circuit. Indeed, the Eight Circuit expressly "join[ed]" the Seventh Circuit in holding that § 1681e(b) "'does not hold a CRA responsible where an item of information, received from a source that it reasonably believes is reputable, turns out to be inaccurate unless the agency receives notice of systemic problems with its procedures,'" *Rydholm,* 44 F.4th at 1108 (quoting *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 972 (7th Cir. 2004)); "rejecting the invitation to mandate that CRAs hire individuals with legal training to preemptively determine the validity of reported debts," *id.* at 1109 (citing *Childress v. Experian Info. Sols., Inc.*, 790 F.3d 745, 747 (7th Cir. 2015)); and holding that the cost of determining if a particular debt is discharged in a bankruptcy "outweighs 'the possible harm inaccurately reported information may cause' a consumer," *id.* at 1109 (quoting *Henson v. CSC Credit Servs.*, 29 F.3d 280, 287 (7th Cir. 1994)).

Plaintiff's only response to *Rydholm* is to present the Court with the complaint filed in that case (which is, of course, outside the pleadings here and irrelevant to Experian's Motion) and provide what amounts to a redline comparing those "sparse" allegations with her allegations that Experian "knows" that it "regularly" reports information about consumer bankruptcies that is "inconsistent with public records, information provided by furnishers, and data contained in

4

Defendant's own files" and that it is on "continued notice that their (sic) inadequate procedures regularly result in the reporting of inaccurate balances, account statuses, and payment histories." Response 14–15 n.2 (quoting SAC ¶¶ 31–34; 36–37). As a result, Plaintiff says she has plausibly alleged that this case fits within *Rydholm*'s exception to § 1681e(b)'s general rule of furnisher reliance for when a CRA receives notice of "systemic problems with its procedures." *Rydholm*, 44 F.4th at 1108 (quoting *Sarver*, 390 F.3d at 972).

Plaintiff misunderstands the *Rydholm* exception. First, at the same time she describes Experian's procedures were systemically deficient, she admits that those same procedures resulted in her other debts being accurately updated to report as discharged. SAC ¶ 53. As *Rydholm* explained, the "notice of systemic problems" that could open the door to liability under § 1681e(b) occurs in circumstances where information CRAs receive "is inconsistent with [their] own records, contains a facial inaccuracy, or comes from an unreliable source," *Rydholm*, 44 F.4th at 1108–09 (quoting *Sarver*, 390 F.3d at 972). Plaintiff does not allege that Upgrade, Inc., or LendingClub are unreliable furnishers (and these financial institutions are presumptively reliable under *Sarver*, 390 F.3d at 972), and Rydholm squarely rejects that a discharge order alone renders a balance reported on a pre-bankruptcy debt "facially inaccurate or inconsistent with preexisting records." *Rydholm*, 44 F.4th at 1109.

And what Plaintiff purports are allegations of "systemic problems"—concededly drawn from the "same template Complaint," Resp. at 14, filed in prior litigation challenging (like *Rydholm*) Experian's reporting in non-converted Chapter 7 bankruptcies—are actually generalized statements divorced from Experian's conduct or notice in this specific case, and thus amount to "mere labels and conclusions or a formulaic recitation of the elements of a cause of action" insufficient to state a claim. *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir.

5

2019). If such general allegations sufficed to show notice of "systemic problems," the FCRA would become a strict liability statute and the *Sarver*, *Childress*, *Henson*, and *Rydholm* line of cases would be moot. Plaintiff simply cannot avoid *Rydholm*'s bottom line: "[a]bsent notice that the discharge specifically included the [challenged] account," the CRAs were not liable for not reporting the consumer's debt was discharged in bankruptcy.

Opposing *Rydholm*, Plaintiff instead asks the court to follow four decisions from district courts in the Eighth Circuit finding that consumers had plausibly alleged violations of § 1681e(b) based on CRAs' failures to update debts to report as discharged in the consumer's Chapter 7 bankruptcy. *See* Pl.'s Resp. at 11-12, 17 (citing *Gibson v. Experian Info. Sols.*, 494 F. Supp. 3d 613, 617 (E.D. Mo. 2020); *Morris v. Experian Info. Sols., Inc.*, 478 F. Supp. 3d 765, 768-69 (D. Minn. 2020); *Alsibai v. Experian Info. Sols., Inc.*, 488 F. Supp. 3d 840, 847-48 (D. Minn. 2020); *Ferrin v. Experian Info. Sols., Inc.*, 617 F. Supp. 3d 998, 1004-06 (D. Minn. 2022)). But those cases were all decided before *Rydholm* and are no longer good law.

Plaintiff's attempts to distinguish the Seventh Circuit law adopted by *Rydholm* is equally unpersuasive.[1] This is illustrated by Plaintiff's reliance on Judge Coleman's pre-*Rydholm* decision in *Laura v. Experian Info. Sols., Inc.*, 2022 WL 823853 (N.D. Ill. Mar. 18, 2022) ("Laura I"). Plaintiff relies on Judge Coleman's finding that the "discharge order [in the consumer's Chapter 7 bankruptcy] put Experian on notice that Laura's accounts may be affected by her bankruptcy" and that, accordingly, the consumer had a potentially viable § 1681e(b) claim under *Henson* and *Sarver*. But Plaintiff fails to address Judge Coleman's subsequent decision in *Laura* dismissing the consumer's lawsuit because she failed to properly schedule the debt in her bankruptcy petition, meaning that the debt was not discharged under Seventh Circuit law and that Experian's reporting

---

[1] Notably, all these discussions are beyond the fifteen page limit without Court approval and are "subject to being stricken by the court." LCR 7.1.

was not inaccurate. *Laura v. Experian Info. Sols., Inc.*, 2023 WL 2646818, *2-3 (N.D. Ill. Mar. 27, 2023) ("Laura II"). That is, whatever "notice" Experian had that the debt was discharged was illusory because, as Judge Coleman later found, the debt had not actually been discharged. Ultimately, *Laura I* and *II* confirm *Rydholm*'s holding that the mere fact that a CRA knows that a consumer has received a Chapter 7 bankruptcy discharge is insufficient to trigger liability under § 1681e(b). *See* Experian's Mot. to Dismiss SAC at 8-9, n.3.

Plaintiff therefore turns to three unpublished pre-*Rydholm* opinions that the Ninth Circuit issued on the same day. *Wheeler v. Experian Info. Sols., Inc.*, 2022 WL 1315301 (9th Cir. May 3, 2022); *Sunseri v. Experian Info. Sols.*, 2022 WL 1315303 (9th Cir. May 3, 2022); *Hernandez v. Experian Info. Sols., Inc.*, 2022 WL 1315306 (9th Cir. May 3, 2022). These non-precedential and largely unreasoned orders do nothing to undercut *Rydholm*, which is published, persuasively reasoned, and, again, largely applied Seventh Circuit law. Plaintiff's attachment of the *Wheeler*, *Sunseri*, and *Hernandez* complaints as exhibits to show that they contain "the same exact allegations" misses the mark. Not only are those complaints not part of the pleadings in *this* case, they confirm that those cases involved debts pre-dating unconverted Chapter 7 bankruptcies—not the more complicated post-petition, pre-conversion situation addressed here.

Plaintiff's other arguments fare no better. Plaintiff asserts that the injunction entered as part of the class-action settlement in *White v. Experian Info. Sols., Inc.*, No. 05-CV-1073, 2008 WL 11518799, at *7–*13 (C.D. Cal. Aug. 19, 2008) (the "*White* Order") put Experian on notice of "general presumptions" supposedly applicable to Plaintiff's bankruptcy discharge. Pl.'s Resp. at 11. But Plaintiff misapprehends the *White* Order. The *White* Order requires Experian and the other national CRAs, Trans Union and Equifax, to implement what is commonly referred to as a "bankruptcy scrub" procedure to automatically update certain debts to report as discharged in

7

Chapter 7 bankruptcies. Far from a "general presumption" that debts are discharged, the *White* Order sets forth a nuanced framework of assumptions and exceptions based on which debts are most likely to be discharged in a Chapter 7 bankruptcy and which are not. *Id.* at *3. And, unlike the bankruptcy at issue here that involved a conversion from one Chapter to another, the *White* Order addresses only bankruptcies that begin and end under Chapter 7, *i.e.*, the most straightforward type of consumer bankruptcy proceeding, and applies only to pre-petition debts.

Even then, the *White* Order expressly acknowledged that its rules were derived from "assumptions" based on the "statistical likelihood" of certain debts being discharged and that these assumptions would in some instances turn out to be incorrect. *Id.* at *13. Plaintiff demands Experian layer on additional assumptions about post-petition debts in *converted* bankruptcies based on the bankruptcy "conversion date." Pl.'s Resp. at 12. The *White* Order, however, does not address that scenario.

Nor can Plaintiff rescue her complaint by alleging that other CRAs reported the debts at issue as discharged. Plaintiff does not allege Experian was aware of how other CRAs were reporting her debts or explain why this second-hand information would put Experian on notice the debts were discharged any more than the discharge order itself. However Plaintiff spins it, her argument goes beyond what § 1681e(b) requires prior to notice of an issue. *See Rydholm*, 44 F.4th at 1108–09.

Dated: March 20, 2025

Respectfully submitted,

*/s/ Oren R. Depp*
JONES DAY
Oren R. Depp, Bar No. 6345841
odepp@jonesday.com
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: +1.312.269.4208

*Counsel for Defendant Experian*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2025, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

          Respectfully submitted,

          */s/ Oren R. Depp*