IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FELICIA HOLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-07664 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's motion to dismiss the Second Amended Complaint [21] is denied. Consistent with Fed. R. Civ. P. 12(a)(4), Defendant shall file its answer to the Second Amended Complaint by 12/16/2025. See the accompanying Statement for details.

**STATEMENT**

Plaintiff Felicia Hollins alleges that Defendant Experian Information Solutions, Inc. ("Experian") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by erroneously including certain debts in her credit report. Experian has now filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Experian's motion is denied.

**I.    Background**

For purposes of Experian's motion to dismiss, the Court accepts all well-pleaded factual allegations in the Second Amended Complaint ("SAC") as true and draws all reasonable inferences from those facts in Hollins's favor as the non-moving party. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Court also considers the "documents attached to [Experian]'s motion to dismiss"—namely, Hollins's initial bankruptcy petition, amended debt schedule, and discharge order—because those documents are "referred to in [Hollins's] complaint and are central to [her] claim." *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

In January 2020, Hollins filed for bankruptcy under Chapter 13 of the Bankruptcy Code. (SAC ¶ 38, Dkt. No. 20.) In 2021, she opened a new credit account with Lending Club and another with Upgrade Inc. (*Id.* ¶¶ 48, 50.) The following year, she converted her bankruptcy to a Chapter 7 filing. (*Id.* ¶ 39.) In doing so, she filed an amended debt schedule that listed the Lending Club and Upgrade Inc. debts, but omitted the dates on which the debts were incurred and their account numbers. (Schedule E/F at 7, 10, Dkt. No. 21-2.) The bankruptcy court then issued Hollins a summary discharge order in May 2022, resulting in the extinguishment of all of her

dischargeable debts. (*Id.* ¶¶ 40, 41.) The two-page order stated that "[m]ost debts are discharged," including "debts owed before the conversion [to Chapter 7]," although "some exceptions exist," such as "some debts which the debtors did not properly list." (Order of Discharge at 1–2, Dkt. No. 21-3.)

Experian, a credit reporting agency, eventually learned of Hollins's bankruptcy discharge and recorded it on Hollins's consumer credit reports, including by listing some of her pre-bankruptcy debts as "Discharged/Included in Bankruptcy Chapter 7." (SAC ¶¶ 42–44, 53.) Experian continued listing the Lending Club and Upgrade Inc. accounts with "CHARGE OFF" statuses[1] and past-due balances of $5,331 and $3,416, respectively. (*Id.* ¶¶ 48–52.) In fact, however, those debts had been "discharged in bankruptcy and were therefore required to [be] report[ed] . . . as discharged and/or with a zero balance." (*Id.* ¶ 55.)

In June 2024, Hollins disputed the erroneous entries by mailing Experian a written notice that all of her debts incurred before the Chapter 7 conversion had been discharged. (*Id.* ¶ 93.) Despite receiving this notice, Experian continued to report the Lending Club and Upgrade Inc. balances. (*Id.* ¶¶ 94–95.) As a result of those errors, Hollins suffered a decreased credit score, lower overall creditworthiness, and credit denials by Capital One and other lenders. (*Id.* ¶ 61.)

Thereafter, Hollins filed this lawsuit against Experian for violations of the FCRA. Specifically, she alleges that Experian (1) failed to use reasonable procedures to assure her credit report's accuracy, both before and after receiving the dispute letter, in violation of § 1681e(b) (Count I), and (2) failed to conduct a reasonable reinvestigation into the accuracy of Hollins's report after receiving her dispute letter, in violation of § 1681i (Count II). In connection with these claims, she seeks a declaratory judgment and damages. Experian has moved to dismiss only the part of Count I that alleges Experian violated § 1681e(b) by reporting balances for the Lending Club and Upgrade Inc. debts **before** it received Hollins's dispute letter.

## II. Discussion

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Section 1681e(b) of the FCRA requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information" in a consumer credit report. 15 U.S.C. § 1681e(b). To prove a § 1681e(b) claim, Hollins must eventually show "(1) that there was inaccurate information in his consumer credit report, (2) that the inaccuracy was due to [Experian's] failure to follow reasonable procedures to assure maximum possible accuracy, (3)

---

[1] A balance is "charged off" when the creditor has written it off as uncollectible, even though the debtor remains liable for the full debt.

that he suffered actual damages and (4) that those damages were caused by inclusion of the inaccurate entry." *Benson v. Trans Union, LLC*, 387 F. Supp. 2d 834, 840 (N.D. Ill. 2005).[2]

It is undisputed that Hollins has plausibly alleged three of these four elements.[3] Thus, Experian's motion to dismiss focuses on whether Hollins has sufficiently alleged that the inaccurate entries in her credit report resulted from Experian's "failure to follow reasonable procedures to assure maximum possible accuracy" before receiving Hollins's dispute notice. *Benson*, 387 F. Supp. 2d at 840; 15 U.S.C. § 1681e(b). To this end, Experian contends that, as a matter of law, it acted reasonably by reporting Hollins's credit based solely on information from "furnishers"—*i.e.*, entities who provide credit information to reporting agencies—at least until it received "actual notice that the information [was] inaccurate." (Def.'s Mem. in Support of Mot. to Dismiss at 11, Dkt. No. 22.). Experian sets forth two reasons why it did not know of the inaccurate entries in Hollins's report until it received her dispute letter. First, Hollins's summary discharge order was vague with respect to which debts, if any, were not discharged. Second, the Lending Club and Upgrade Inc. debts were particularly difficult to evaluate given that Hollins incurred them post-petition but pre-conversion, and her debt schedule omitted the two debts' dates of creation and account numbers. Thus, Experian concludes that (1) its reliance on third-party credit information was reasonable as a matter of law; and (2) it was put on notice of the potential inaccuracies only when it received Hollins's dispute letter.

Meanwhile, Hollins contends that Experian "fail[ed] to use reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information after Plaintiff received a Discharge Order." (SAC ¶ 67.) Bolstering this conclusion is the allegation that Experian's peer agencies reported the two debts as discharged and with zero-dollar balances. (*Id.* ¶ 81.) As other courts have held, this allegation supports "a reasonable inference that Defendant failed to follow reasonable procedures in Plaintiff's case." *Gadomski v. Equifax Info. Servs.*, LLC, No. 2:17-CV-00670-TLN-AC, 2020 WL 3841041, at *5 (E.D. Cal. July 8, 2020); *Ferrin v. Experian,* 617 F. Supp. 3d 998, 1008 n.14 (D. Minn. 2022) (same); *see also Benjamin v. Experian Info. Sols., Inc.*, 561 F. Supp. 3d 1330, 1341 (N.D. Ga. 2021) (finding that "[t]he reasonableness of Experian's procedures presents a question that must go to a jury" because the plaintiff presented "undisputed evidence that Equifax and Trans Union did not inaccurately report the [debt]"). Moreover, that Experian continued listing the alleged inaccuracies even after receiving Hollins's dispute letter supports an inference of broader defects in its reporting procedures, particularly given the

---

[2] The Seventh Circuit has not expressly addressed whether a plaintiff must allege each of these elements to state plausible claim under § 1681e(b), although it has advised in other contexts that elements that must "be proved (if plaintiff is to win)" need not always "be alleged in the complaint." *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1338 (7th Cir. 2024). In any case, because the Court finds that Hollins has plausibly alleged each element of her claim, it need not decide whether § 1681e(b)'s pleading requirements differ from its ultimate burden of proof.

[3] First, the SAC includes several credible allegations that the consumer credit report contained inaccurate information—namely, the "CHARGE OFF" statuses and past-due balances for the Lending Club and Upgrade Inc. accounts. (*E.g.*, SAC ¶¶ 48, 50, 75.) Second, Hollins alleges that she "suffer[ed] actual damages, including a decreased credit score, loss of credit opportunities, and other financial harm caused by Experian's inaccurate[] reporting . . . ." (*Id.* ¶ 85.) Third, the SAC sets forth a clear causal connection between the alleged inaccuracies and damages. (*E.g.*, SAC ¶¶ 84, 87.)

allegation that, "[d]espite the availability of accurate consumer information, Experian regularly reports inaccurate information about accounts after consumers receive a Discharge Order." (*Id.* ¶¶ 31, 92–95.)

Hollins's allegations also contradict Experian's claim in its motion to dismiss that it was not put on notice of the Lending Club and Upgrade Inc. discharges until it received Hollins's dispute. Hollins alleges that because Experian used the discharge order to prepare her consumer report, "it knew or should have known the information it was reporting is inaccurate." (SAC ¶ 83.) This allegation plausibly suggests that Experian was on notice of the Lending Club and Upgrade Inc. discharges once it received the discharge order—long before Hollins contacted Experian. *See Gibson v. Experian Info. Sols., Inc.*, 494 F. Supp. 3d 613, 617 (E.D. Mo. 2020) (collecting cases showing that "notice of a Chapter 7 bankruptcy, as evidenced by a [reporting agency's] own reporting of such a bankruptcy, makes it plausible to allege that continued reporting of a prior unsecured debt is unreasonable"). This inference finds support in the discharge order's statement that "if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged." (Order of Discharge at 1.) Ultimately, though, "whether a party actually knows something is a question of fact" that should not be decided until the parties have "had an opportunity to put on . . . evidence." *Matter of Excello Press, Inc.*, 890 F.2d 896, 903 (7th Cir. 1989). At the pleadings stage, it suffices to say that Hollins has plausibly alleged that Experian was on notice of the Lending Club and Upgrade Inc. discharges before it received her dispute.

Experian cites many cases for the proposition that its pre-dispute reporting procedures were reasonable as a matter of law. However, almost all of these precedents were decided at the summary-judgment stage and thus do not address the pleading requirements for Hollins's claim. *See, e.g.*, *Thomas*, 120 F.4h at 1338 ("[T]he time to demand evidence is the summary-judgment stage. All the complaint need do is state a grievance. Details and proofs come later."). Moreover, none of them answer the precise factual question here: whether Experian used reasonable procedures when it reported past-due balances for debts that were incurred after a debtor's Chapter 13 filing but before her Chapter 7 conversion, particularly where Experian had received a Chapter 7 summary discharge order stating that pre-conversion debts were discharged but some improperly scheduled debts were not, and other reporting agencies accurately recorded the debt as discharged. This question is best answered after the parties have had the benefit of discovery. In reaching this conclusion, the Court is aware that "[t]he FCRA is not a strict liability statute." *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022). However, allowing this claim to proceed past the pleading stage will not turn it into one. Instead, the Court has merely allowed the case to proceed to discovery, after which the parties will be free to assert their evidence regarding Experian's procedures.[4]

---

[4] In supplemental filings, Experian urges this Court to follow the lead of two recent cases in this District applying § 1681e(b). (*See* Dkt. Nos. 30, 37.) However, the Court does not view either case as necessarily inconsistent with the present ruling. First, *Sykes v. Experian Information Solutions, Inc.*, involved a Chapter 13 discharge order. No. 1:22-CV-07033, 2025 WL 1707713, at *5 (N.D. Ill. June 18, 2025). On that basis, the district court "agree[d] with Experian that" precedents involving Chapter 7 bankruptcies were "not binding" because "the context of a Chapter 7 bankruptcy . . . is different from a Chapter 13 bankruptcy." *Id.* The same logic applies here. Second, *Butler v. Trans Union, LLC*, presented a "narrow question of reasonableness" at the summary-judgment stage. No. 24 C 211, 2025 WL 2767016, at *3

At bottom, Experian asks this Court to credit its version of the events over the SAC's allegations. But such factual determinations—especially those concerning reasonableness—are best left for a later day. *See, e.g.*, *Hernandez v. Experian Info. Sols., Inc.*, No. 21-55588, 2022 WL 1315306, at *1 (9th Cir. May 3, 2022) (denying Experian's motion to dismiss because the pleadings stage was "too soon to decide as a matter of law that Experian's interpretation of its obligations under § 1681e(b) was not objectively unreasonable"); *Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010) ("'Plausibility' in [the motion to dismiss] context does not imply that the district court should decide whose version to believe, or which version is more likely than not."). For now, the question is whether Hollins has stated a plausible claim under § 1681e(b). She has.

### III.  Conclusion

For the foregoing reasons, Experian's motion to dismiss is denied.

Dated:  December 2, 2025

_____
Andrea R. Wood
United States District Judge

---

(N.D. Ill. Sept. 29, 2025). That the question remained narrow for purposes of summary judgment in *Butler* only further supports this Court's conclusion that reasonableness should not be decided on the pleadings here.

5